UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RANA FOROUGHI
and SHOALLAH FARHADI,

                  Plaintiffs,

  -against-

AMERICAN AIRLINES, INC.,

                  Defendant.
------------------------------------------------------------x

Civil Action No.: 11 CIV 4883

COMPLAINT

JUDGE KAPLAN

RECEIVED JUL 15 2011 U.S.D.C. S.D.N.Y. CASHIERS

### NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT AMERICAN AIRLINES, INC.

**(Montreal Convention)**

COME NOW Plaintiffs, RANA FOROUGHI, aka RANA FARHADI JOU, and SHAOLLAH FARHADI, wife and husband, and respectfully state their Complaint for negligence against Defendant, AMERICAN AIRLINES, INC., as follows:

**PRELIMINARY STATEMENT**

On or about July 15, 2008 Plaintiffs RANA FOROUGHI and SHAOLLAH FARHADI were both fare-paying passengers on board Defendant AMERICAN AIRLINES Flight No. 1163, from Boston, MA, to Austin, Texas, on a round-trip flight pursuant to tickets purchased from AMERICAN AIRLINES in Canada for that route. While flying in the United States from Austin to Boston, Plaintiff RANA FOROUGHI was caused to be injured as a result of improper and faulty seat and/or maintenance thereof on the aircraft.

1. This action is brought pursuant to 28 U.S.C. § 1331 in that the action arises under the provisions of the Convention for the Unification of Certain Rules

1

Relating to International Carriage by Air (hereinafter "Montreal Convention"), a Treaty of the United States. This action is also brought pursuant to 28 U.S.C. § 1332. The within action is also brought pursuant to 14 C.F.R. § 9113(a). Federal Aviation Administration supplies the pertinent standard of care for aviation safety. In addition, the amount in controversy is in excess of $75,000.00 exclusive of the interest and costs.

2. At all times herein mentioned plaintiffs RANA FOROUGHI was and still is a United States citizen and SHAOLLAH FARHADI legal resident of Canada were and still are residents of Canada, residing in Montreal, Canada.

3. Plaintiffs are informed and believe that, at all times material, defendant AMERICAN AIRLINES, INC. (hereinafter "AMERICAN") was a corporation incorporated in the State of New York. Defendant AMERICAN is and was doing business in this District. Venue is proper in this court pursuant to Article 33 of the Montreal Convention.

4. At all times herein mentioned, AMERICAN was a common carrier for hire engaged in the transportation of passengers in both domestic and international air travel. Said defendant owned, operated, controlled, serviced, maintained and flew through its agents and employees acting in the course and scope of their employment, certain aircraft including that aircraft used in Flight No. 1163 on or about July 15, 2008 from Austin to Boston.

5. On or about July 15, 2008 plaintiffs were flying from Austin to Boston at which time AMERICAN, by and through its agents and/or employees, then

and there breached its duty to plaintiffs in one or more of the following negligent acts or omissions:

    a. Negligently and carelessly failed to provide a reasonably safe seat on board the plane.

    b. Negligently and carelessly failed to furnish safe alternative seats on the plane to the plaintiffs.

    c. Negligently and carelessly failed to warn passengers, including but not limited to the plaintiffs, of potential safety issues reading the seats.

6. On the aforementioned date and place, the defendant, AMERICAN, was responsible for the proper care, repair and/or maintenance of the property of the said seat.

7. As a direct and proximate result of the acts and/or failures of the said defendant, on or about July 15, 2008, the passenger seat assigned to the plaintiff RANA FOROUGHI broke at takeoff. As a consequence, plaintiff RANA FOROUGHI was projected from her seat. Plaintiffs, RANA FOROUGHI and her husband, SHAOLLAH FARHADI believed and feared that the plane was going to crash.

8. Plaintiff SHAOLLAH FARHADI suffered an in-flight exacerbation of his heart condition that would affect his health state irreversibly.

9. Plaintiff RANA FOROUGHI is suffering from multiple irreversible medical problems tat are attributed to this incident.

10. Despite the broken seat and malfunction, the flight crew insisted that they should continue to occupy the same seats. The flight crew was well aware of

the seat mishap and of plaintiffs' fears, anxiety and overall state of mind. Plaintiffs were forced to endure the rest of the flight in fear, clinging to their seat and each other fearing death every second of the flight.

11. Plaintiff, RANA FOROUGHI, was also subjected to the hazard of air flight while she was forced to be re-seated in the same broken chair.

12. Defendant AMERICAN had the duty to honor its contractual undertakings. It was bound to take plaintiffs safely to their destination and without causing any harm or delays.

13. Defendant AMERICAN failed in this duty and is liable for the bodily, physical and mental injuries sustained by the plaintiffs.

14. As a direct and proximate cause of negligent acts of the defendant, plaintiffs sustained permanent bodily and mental injuries, and have had and in the future will have pain, suffering, worry and anxiety, all to plaintiffs' general damages in an amount within the jurisdiction of the Court, and according to proof.

15. As a proximate result thereof, the plaintiffs incurred and in the future will incur medical and related expenses all to plaintiffs' damages in such amount as will be proven at trial.

16. As a proximate result thereof, the plaintiffs have and in the future will lose the ability to do usual work and have and will have lost earring capacity all to plaintiffs' damages in such amounts as will be proven at trial..

17. As a proximate result thereof, the plaintiffs have lost the use of an interest on the money owed to plaintiffs from the date of this incident to judgment as

follows: A) On the medical expenses incurred to judgment and B) on the loss of earning to judgment.

18. At all relevant times the defendant individually, jointly, severally, alternatively and/or by agents, employees and/or representatives, were careless, reckless, negligent and/or grossly negligent in the ownership, operation, maintenance, management, control, supervision, servicing, use, inspection and/or repair of the injury, and has a direct and proximate result of the foregoing act and/or omissions, proximately caused the broken in-flight chair and resulting injuries to plaintiffs.

**WHEREFORE**, plaintiffs demand:

(a)   A trial by jury;

(b)   That judgment be entered against the defendant, AMERICAN, for special, general and compensatory damages in an amount which shall be shown to be reasonable and just by the evidence and in excess of $75,000.00 exclusive of interests and costs;

(c)   That all costs of this action be assessed against the defendant, including all reasonable attorney's fees, costs and expenses of this action, and

(d)   That the plaintiffs be awarded all other such relief as this Court deems just and proper.

Dated: New York, New York
July 14, 2011

_/s/ James_

James S. Irani, Esq. (JSI 8615)
Law Office of James S. Irani, P.C.
Attorney for Plaintiffs
347 Fifth Avenue, Suite 908
New York, New York 10016
Tel: (212) 683-7700
Fax: (212) 725-1772