UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
RANA FOROUGHI and SHAOLLAH FARHADI,    :
                                       :
                        Plaintiffs,    :
                                       :        11 Civ. 4883 (KBF)
         -v-                           :
                                       :        MEMORANDUM & ORDER
AMERICAN AIRLINES, INC.,               :
                                       :
                        Defendant.     :
------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____ 3 0 NOV 2011
DATE FILED: 3 0 NOV 2011

KATHERINE B. FORREST, District Judge:

     Prior to the November 10, 2011 status conference in the
above-captioned matter, the Court requested that the parties be
prepared to address the issue of whether venue was proper in
this District.  Based upon the parties' arguments at the status
conference, the Court requested further briefing on both the
propriety of venue in this District as well as whether this
Court has jurisdiction over this action pursuant to the
Convention for the Unification of Certain Rules for
International Carriage by Air, Art. 1 et seq., May 28, 1999, S.
Treaty Doc. No. 106-45 (2000)(the "Montreal Convention" or the
"Convention")--i.e., the treaty under which Plaintiffs bring
this action pursuant to 28 U.S.C. § 1331--or otherwise.
Briefing was complete on November 23, 2011.

     Defendant American Airlines, Inc. ("Defendant" or
"American") argues that this Court does not have jurisdiction
under the Montreal Convention.  The Court agrees.  The Montreal

Convention "applies to all <u>international carriage</u> of persons, baggage or cargo performed by aircraft for rewards."  Montreal Convention, Art. 1, § 1 (emphasis added).[1]  There is no indication either in the Complaint or in Plaintiffs' submission that Plaintiffs' were injured during international travel.

Plaintiffs make varied representations to the Court about the nature of their travel.  The Complaint alleges that Plaintiffs traveled on a flight from Austin to Boston.  Plaintiffs' submission states that Plaintiffs' flew from Boston to Austin.  At the status conference, counsel for Plaintiffs stated that his clients were supposed to fly from Canada to Boston to take their flight to Austin.  And then in their submission, Plaintiffs state that "[t]hey were supposed to fly from Plattsburgh, New York," but that their flight was cancelled such that American drove Plaintiffs "from Plattsburgh to Boston" "where they finally boarded the plane for Austin, Texas."  There is nothing before the Court--either in the pleadings or the submission--that indicates that Plaintiffs' alleged accident occurred on an international flight or during the course of international travel.

_____

[1] "International carriage" is defined by the Convention as any air carriage where the place of departure and the destination are either (i) situated within the territories of two State Parties; or (ii) within the territory of a Single State Party if there is an agreed stopping point within the territory of another State, even if that State is not a State Party.  <u>Id.</u>, Art. 1, § 2.

At the status conference the Court inquired into whether the purchase of Plaintiffs' airline tickets occurred in Canada and if so, whether that brought the action within the Convention's purview.  Plaintiffs' counsel did not address the issue at the conference nor in its submission--and in any event, the Complaint is devoid of allegations to that effect.  The Court is unaware of any caselaw--and Plaintiffs cite to none-- that supports the application of the Montreal Convention even if Plaintiffs purchased the ticket in Canada for travel that occurred solely within the United States.

Neither Plaintiffs' submission nor the Complaint contains allegations sufficient to satisfy the Montreal Convention's requirement that any action brought thereunder apply to international travel.  Accordingly, the Court finds that it does not have jurisdiction under the Montreal Convention.

Although not addressed by either party at the status conference or in their submissions, the Court finds that it does not have diversity jurisdiction under 28 U.S.C. § 1332 because plaintiff Rana Foroughi ("Foroughi") is a U.S. citizen domiciled in Montreal, Canada.  The Complaint clearly states that Foroughi is a Canadian resident.  At the status conference, counsel for Plaintiffs represented that Foroughi moved to Canada three years ago.  In their submission, Plaintiffs stated that although they "never intended to leave New York permanently," "circumstances

3

have kept them in Canada."   Even though Foroughi did not intend her change of domicile to Canada to be permanent, it appears she intends to remain there "for an indefinite period," "notwithstanding [s]he may entertain a floating intention to return [to New York] at some future period." Gilbert v. David, 235 U.S. 561, 569 (1915).  Because Foroughi's residence is in Montreal, Canada and she has not provided any evidence of her intention to leave Canada, she is domiciled in there for purposes of the diversity statute.  See Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000).

"United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state" such that 28 U.S.C. §1332 does not provide the federal courts "jurisdiction over a suit to which such persons are parties." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68; see also Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001) (same).  The Second Circuit has found that 28 U.S.C. § 1332 "requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity." Cresswell, 922 F.2d at 68.  Even if one plaintiff is a foreign citizen, the presence of a plaintiff who is a U.S. citizen domiciled abroad does not allow the maintenance of the action on the basis of diversity. Id. at 69.

4

Here, although plaintiff Shaollah Farhadi is a legal resident of Canada residing in Montreal, Canada, Foroughi's presence in this action destroys diversity. See id. Thus, the Court does not have jurisdiction under 28 U.S.C. § 1332.

The parties concede that Plaintiffs have a parallel action pending in Canada. Thus, Plaintiffs have an alternate forum in which to seek redress for the alleged injuries that are the subject of this action.

Because the Court neither has federal question nor diversity jurisdiction, it is hereby

ORDERED that this case is DIMISSED.

The Clerk of the Court is directed to terminate this action.


SO ORDERED:

Dated:     New York, New York
           November 28, 2011


                                    _____
                                         KATHERINE B. FORREST
                                    United States District Judge


5